## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. 2WJ, LLC d/b/a AGRIBUSINESS RISK UNDERWRITERS    )<br>)<br>Plaintiff,    )<br>)<br>v.    )<br>)<br>1. TRISURA SPECIALTY INSURANCE COMPANY, INC.    )<br>)<br>Defendant.    )<br>) | Case No.  CIV-23-535-G |

## COMPLAINT

Plaintiff, 2WJ, LLC d/b/a Agribusiness Risk Underwriters ("ARU"), for its claims and cause of action against Defendant, Trisura Specialty Insurance Company ("TSIC"), alleges and states as follows:

## PARTIES, JURISDICTION, AND VENUE

1.      ARU is a North Carolina limited liability company, with its principal place of business in Winston-Salem, North Carolina. The citizenship of its members is as set out in the Disclosure Statement of ARU filed contemporaneously herewith. None of ARU's members are citizens of the State of Oklahoma.

2.      Upon information and belief, TSIC is an Oklahoma corporation with its principal place of business in Oklahoma City, Oklahoma.

3.      This Court has jurisdiction over the parties and the subject matter of this action pursuant to 28 U.S.C. § 1332. The parties are residents of different states and the amount in controversy exceeds $75,000, exclusive of interest, costs, and attorneys' fees.

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## FACTUAL BACKGROUND

5.      On June 1, 2018, ARU entered into a Program Administrator Agreement (the "Agreement") with TSIC, whereby ARU agreed to administer insurance policies for the Contract Poultry Growers National Commercial Program (the "Program") on TSIC's behalf, in exchange for a commission. A copy of the Agreement is attached hereto as Exhibit 1.

6.      The details and the formula for commission payments owed to ARU are outlined in the Program Administration Compensation Addendum (the "Compensation Addendum"), which is incorporated by reference in the Agreement. A copy of the Compensation Addendum is attached hereto as Exhibit 2.

7.      ARU's commission under the Compensation Addendum is based on the Program's ratio of incurred losses to earned premiums ("Underwriting Profit").

8.      Pursuant to the Compensation Addendum, TSIC is required to calculate the commission owed to ARU within ninety (90) days after the close of each period. Payment to ARU is then due thirty (30) days from the 90-day calculation deadline.

9.      The last period for which commissions are owed to ARU ended on January 31, 2022, which period returned an Underwriting Profit sufficient to generate the maximum commission allowed under the terms of the Compensation Addendum.

10.     TSIC's calculation of the commission owed to ARU for the last period was due no later than May 1, 2022. Payment to ARU was then due no later than May 31, 2022.

2

11.     Despite numerous written requests from ARU, and numerous pledges by TSIC to make the calculation and pay the amounts owed, TSIC has neither provided the required commission calculation nor remitted payment to ARU.

12.     In exchanges in which ARU was requesting calculation and payment, TSIC requested that ARU itself calculate the commission owed to it.  Due to repeated failures from TSIC to meet its obligations, and in an effort to advance the matter, ARU accommodated TSIC's requests, made its own calculations, and presented them to TSIC in May 2023 along with an accompanying invoice. Pursuant to its calculation, ARU is owed at least $432,809.00. After ARU accommodated TSIC's requests, TSIC has not disputed ARU's calculation, nor presented a different calculation, nor made payment.

13.     On June 2, 2023, ARU made a final demand for payment advising that, since the amounts owed were now more than a year past due, it would bring this action to collect payment unless TSIC made payment within 10 days. TSIC did not do so.

14.     ARU has fulfilled all of its contractual duties to TSIC and there is no dispute that the commissions are owed to ARU.

## COUNT I – BREACH OF CONTRACT

15.     ARU adopts and incorporates by reference all of the factual allegations contained in Paragraphs 1 through 13 of its Complaint as if fully set forth herein, and in addition, states:

16.     The Agreement is a valid and enforceable contract between the parties.

17.     TSIC's failure to calculate the amounts owed and make payment to ARU as described above constitutes a breach of the Agreement.

18.     As a direct result of TSIC's breach, ARU has suffered damages in at least the amount of $432,809.00, which is the amount calculated by ARU, but for which it reserves the right to amend the calculation based on information learned in discovery or otherwise.

19.     ARU is also entitled to pre-judgment interest from the date the money was owed on May 31, 2022 to the conclusion of this lawsuit or until payment is otherwise made in full. ARU is also entitled to its costs and attorneys' fees and such further relief, legal or equitable, to which this Court finds it entitled, all of which is requested herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, 2WJ, LLC d/b/a Agribusiness Risk Underwriters, respectfully requests judgment against Defendant, Trisura Specialty Insurance Company, as follows:

1.     An award of damages in the amount of at least $432,809.00, subject to change when the necessary information is provided by TSIC.

2.     For prejudgment interest on the amounts owed from May 31, 2022 until judgment or full payment by TSIC.

3.     For ARU's attorneys' fees and costs; and

4.     For all other relief to which ARU may be entitled.

Respectfully submitted,

s/*Timila S. Rother*
Timila S. Rother, OBA #14310
Paige A. Masters, OBA #31142
Dylan Hartsook, OBA #35129
CROWE & DUNLEVY

4

A Professional Corporation

Braniff Building
324 N. Robinson Ave.
Suite 100
Oklahoma City, OK 73102-8273
(405) 235-7700
(405) 239-6651 (Facsimile)
timila.rother@crowedunlevy.com
paige.masters@crowedunlevy.com
dylan.hartsook@crowedunlevy.com

**ATTORNEYS FOR PLAINTIFF 2WJ,
LLC d/b/a AGRIBUSINESS RISK
UNDERWRITERS**

5359243